UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

SOUTHERN GENERAL AGENCY, INC.   CIVIL ACTION 9-1918

VERSUS                          U.S. DISTRICT JUDGE DEE DRELL

BURNS & WILCOX, LTD.
                                U.S. MAGISTRATE JUDGE JAMES D. KIRK

**Report and Recommendation on Motion to Remand**

Before the court is plaintiff's motion to remand, **Doc. #21,** and defendant's motion for reconsideration, **Doc. #26,** both referred to me by the district judge for report and recommendation.

This is a suit in which plaintiff Southern General Agency, Inc. (SGA) claims damages as a result of the defendant having allegedly "lured" away one of it's Vice Presidents, Lynn R. Webb. When suit was filed in state court, the only defendant, Burns & Wilcox, Ltd. (Burns & Wilcox), was diverse. Therefore, defendant removed the case to this court based on diversity jurisdiction. Some nine months after suit was filed, on July 13, 2010, plaintiff filed a motion for leave to amend its complaint to add Lynn R. Webb, a resident of Louisiana, as an additional defendant under FRCP 20(a), permissive joinder. Plaintiff alleged in its motion that it was unaware of the causes of action against Webb until discovery responses were provided by defendant. The allegations against Webb include violation of a fiduciary duty of good faith, loyalty and care and unfair trade practices. Specifically, plaintiff alleges that, while still at SGA,

1

Webb made a handwritten list of retail insurance agents and later delivered it to her new employer, Burns & Wilcox and thereafter "engaged in a deliberate plan to divert insurance business away from SGA, by using her copied list of business contacts, retail insurance agents and producers . . .."

The motion for leave to amend certified that:

In accordance with Local Rule LR7.1.4W, counsel for SGA has contacted counsel for B&W [Burns & Wilcox] requesting B&W's consent to SGA's filing of the *Amended Complaint*. B&W, however, has not responded to SGA's request, thus necessitating this motion. (Emphasis in original).

The motion also stated:

If this motion is granted and the attached *Amended Complaint* is filed, no party will be unfairly prejudiced. (Emphasis in original).

The motion, filed Tuesday, July 13, 2010, was referred by the Clerk of Court to the District Judge as unopposed and he promptly signed it two days later, on Thursday, July 15, 2010. Plaintiff then immediately filed the instant motion to remand which the Clerk docketed on Monday, July 19, 2010, two business days after the district judge had signed the order allowing the amendment.

Plaintiffs move to remand asserting that this court lost jurisdiction when it allowed the amending complaint naming a non-diverse defendant to be added. Having done so, plaintiff argues, this court has no choice but to remand the case to state court under the express requirements of 28 USC §1447(e). Defendant opposes the motion to remand and filed a motion to reconsider the grant of leave of court to file the diversity destroying amendment. Defendant

argues that it did not have an opportunity to respond or to oppose the motion prior to the time the district judge signed the order allowing the amendment. Defendant also argues that Webb was fraudulently joined[1] by plaintiff in order to divest this court of jurisdiction.

A hearing on the motion to remand and the motion for reconsideration was held on September 21, 2010.

## Analysis

Is the court permitted to reconsider whether to allow the amendment?

The plaintiff argues that, under 28 U. S. C. §1447, in considering an amendment that would destroy the court's jurisdiction it has only two options: deny permission to amend, or grant the amendment and remand the case. It argues that this court "instantaneously" lost its jurisdiction in the case the moment the Order was signed by the district judge allowing the amendment, citing Cobb v. Delta Exports, Inc. 186 F.3d 675 (5th Cir. 1999) and Borden v. Allstate Ins. Co., 589 F.3d 168 (5th Cir. 2009).

Plaintiff fails to note the proviso by the court in Cobb in footnote 8 wherein the 5th Circuit held open the question whether the court could have exercised its inherent power to recall its judgment and withdraw its order permitting joinder. The court in Borden, however, expressly noted, in a similar case, that the district judge could have vacated his order allowing joinder. Further, Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) approved vacating an order

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21 as well longstanding concepts of joinder under Louisiana law.

permitting amendment where the judge did not realize that the addition of the new party would destroy diversity. Other circuits hold similar views. See Schur v. L. A. Weight Loss Centers, Inc., 577 F.3d 752, 761 (7th Cir. 2009); Bailey v. Baylor CropScience L. P., 563 F.3d 302, 307 (8th Cir. 2009).

I find, therefore, that it is legally permissible for the court to reconsider its Order allowing the amendment.

Should the court reconsider its Order allowing the amendment?

The pleadings and evidence before the court show that on July 12th, late in the afternoon, SGA's counsel emailed defense counsel a letter advising that it planned to file a motion to amend the complaint and requesting defendant's consent to the filing. Within minutes, defense counsel responded by email requesting a copy of the proposed pleading. Plaintiff's counsel responded that he would send the pleading the next morning. Defense counsel responded "[t]hanks. We will get with client and respond."  The next morning, at 10:37 a.m., plaintiff's counsel emailed the proposed amending complaint to defense counsel, along with a cover letter advising that he intended to file the motion "today". When he had no response by the end of the day, plaintiff's counsel e-filed the motion and proposed pleading at 5:26 p.m. In accordance with our rules, he specifically stated in the motion that consent was sought, but that counsel had not responded.

Serendipity then intervened on behalf of plaintiff when the Clerk mistakenly referred the motion to amend to the district judge as an unopposed motion which resulted in its being signed immediately, on Thursday July 15th, without affording defendant an opportunity to oppose the motion. Plaintiff e-filed the motion to remand two days later, on Monday July 19th. Plaintiff's

4

counsel stated at the hearing that he was in a hurry to file the motion to amend because the deadline for amending pleadings had passed on March 15th, some four months earlier.

The local rule requiring consent has implicit within it a requirement that a reasonable time be allowed for the opposing party to indicate its consent or not. Here, defendant's were given only about 6 ½ hours which, I find, is not adequate or reasonable, particularly when defense counsel had specifically advised plaintiff's counsel that he wished to discuss the matter with his client first. Further, there was no need for a hurried amendment; the deadline for adding parties had expired four months earlier.

The problem was compounded when our Clerk mistakenly referred the motion to amend to the district judge for signature as unopposed, thereby depriving the district judge from realizing that the amendment, if allowed, would destroy diversity and preventing him from having had an opportunity to apply the Hensgens factors (discussed infra) to his decision whether to allow the amendment. Defendant promptly filed the motion for reconsideration within the delays set forth in FRCP 60.

I find that, under the authority of Cobb, Borden, and Hensgens, this court should reconsider the Order allowing the amendment naming a diversity-destroying defendant especially where, as here, the following conditions exist:

1) The opposing party was not afforded an adequate opportunity to oppose the amendment,

2) The amending party failed to inform the court that the amendment would destroy the court's jurisdiction, that it intended to file a motion to remand, or that the defendant would likely object to the granting of the amendment,

3) The court has mistakenly failed to follow its own procedures in referring the motion to amend to the judge for signature, notwithstanding the lack of consent to its filing,

4) The motion for reconsideration is promptly filed within the delays afforded by FRCP 60.

<u>On reconsideration, should the court allow the amend</u>ment?

Magistrate Judge Hill recently observed:[2]

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means. Where a party seeks to add a non-diverse party in a removed case, such as the case at bar, the Court's analysis is controlled by Title 28, United States Code, section 1447. *See Hensgens*, 833 F.2d 1179, 1180-1181 (5th Cir. 1987). Section 1447(e), provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U. S. C. §1447(e).

The Fifth Circuit has held that "[t]he district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize the amendment more closely than an ordinary amendment." <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987). The decision whether to allow the amendment is a discretionary one.

In balancing the original defendant's interest in maintaining a federal forum against the

---

[2] <u>Buller v. Port Barre Investments LLC</u>, 09-1307, April 21, 2010.

plaintiff's interest in avoiding multiple and parallel litigation, the Fifth Circuit has established the following factors for the court to consider in determining whether to allow joinder of a party:

    1) whether the proposed joinder is sought to defeat federal jurisdiction[3],

    2) whether the plaintiff has been dilatory in asking for the amendment,

    3) whether the plaintiff will be significantly injured if the amendment is not allowed, and

    4) any other factors bearing on the equities.

See Hensgens, supra.

Defendant suggests that the amendment to name Webb as a defendant was made in order to defeat this court's jurisdiction because plaintiff knew of her involvement when it filed suit and could have named her then. Plaintiff counters, however, that, while Webb is the central figure in the original claim, her personal liability was not known until her handwritten notes were produced in discovery.

Defendant also suggests that there is no possibility of recovery against Webb, since her notes were made after she left the employ of plaintiff, not before. Webb's affidavit is attached to defendant's brief. Defendant suggests that there was no non-competition agreement and that she was free to leave SGA's employ and can have no liability for doing so. However, I cannot say that, if the allegations against her are true, that there is no possibility of recovery against her as to the tort claim or the unfair trade practices claim. I do not, therefore, find that the likelihood of success *vel non* on the claims against Webb is any proof that plaintiff was engaged in forum

---

[3] Magistrate Judge Hill notes in Buller that sub-factors to be considered are whether the plaintiff knew the identity of the new defendant when suit was filed, whether a valid cause of action exists against the new defendant, and whether there is a temporal relationship between defendant's removal and plaintiff's desire to add a new defendant.

manipulation here.

While the naming of a diversity destroying defendant always raises the suspicion that the amendment might have had as its purpose destroying the court's jurisdiction, I do not find any evidence in this case that that was the motive here.

Nor do I find that plaintiff was dilatory in naming Webb as a defendant. As mentioned above, while she was always the central figure in the original claim, her personal involvement was not known until shortly before she was added as a defendant in the case.

As to the third Hensgens factor, defendant argues that Webb is not an indispensable party and that the claims against her–breach of fiduciary duty and unfair trade practices by using plaintiff's list of contacts–are wholly separate from the breach of contract claim against defendant for allegedly using confidential information of SGA in order to determine to hire Webb. Therefore, defendant reasons, there is no prejudice to SGA in requiring it to litigate its recently discovered claims against Webb in state court. Plaintiff argues that dual actions with some of the same witnesses would be judicially inefficient and expensive for the plaintiffs.

I agree that while the claims are closely related–plaintiff claims that defendant lured Webb away and also claims that, once lured away, Webb illegally used defendant's contact list to divert business from SGA to Burns and Wilcox– there is little necessity for them to be tried in the same lawsuit. This is especially true when weighed against defendant's choice of forum.

It is also important that the motion to amend was filed some four months after the deadline for adding parties to the case. At this time, we are well into the scheduling order deadlines as already extended. To begin the case anew in state court would itself not be judicially efficient and would be expensive.

I find, therefore, considering all of the above factors, that the amendment should not be allowed. Because complete diversity will exist, and the suit will remain unchanged, the motion to

remand should be denied.[4]

For these reasons, IT IS RECOMMENDED that the district judge GRANT the motion for reconsideration, doc. #26, and recall and vacate the Order, doc. #17 and deny the motion to amend doc. #16. IT IS FURTHER RECOMMENDED that plaintiff's Motion to Remand , doc. #21 be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.   **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, September 22, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant also argues that Webb was fraudulently joined to defeat jurisdiction. However, the fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. Cobb, supra.