RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9 / 11 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SOUTHERN GENERAL AGENCY, INC. | CIVIL ACTION NO. 09-1918 |
| -vs- | JUDGE DRELL |
| BURNS & WILCOX, LTD. | MAGISTRATE JUDGE KIRK |

# RULING

Before the Court is the Motion for Summary Judgment filed by Burns & Wilcox, Ltd. (Doc. 75). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be DENIED.

## I. Procedural Background

On October 13, 2009, Southern General Agency ("SGA") filed a Petition in the 9th Judicial District Court, Rapides Parish, Louisiana. (Doc. 1, Ex. A). Defendant was served on October 26, 2009, and removed to this Court on November 13, 2009 (Doc. 1). The Petition alleges Defendant breached a confidentiality agreement that it entered into with Plaintiff by using the confidential information for purposes other than those explicitly designated. The petition also claims Defendant engaged in unfair trade practices in violation of La. R.S. 51:1401 *et seq.*, the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA").

## II. Law and Analysis

### A. Legal Standard

#### 1. *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

#### 2. *Unfair Trade Practices and Consumer Protection Law*

Under LUPTA, the plaintiff must show that "the alleged conduct 'offends established public policy and ... is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" Cheramie Services, Inc. v. Shell Deepwater Prod., Inc., 35 So. 3d 1053, 1059 (La. 2010) (citing Moore v. Goodyear Tire & Rubber Company, 364 So.2d 630, 633 (La. App. 2d Cir. 1978)). "The determination of what constitutes an unfair trade practice is fact-sensitive and, as such, can only be decided on a case-by-

2

case basis." Doland v. ACM Gaming Co., 921 So. 2d 196, 202 (La. App. 3d Cir. 2005). "A trade practice is deceptive 'when it amounts to fraud, deceit, or misrepresentation.' However, the Court stresses that the LUTPA does not prohibit sound business judgment or appropriately competitive free enterprise transactions." Am. Mach. Movers, Inc. v. Mach. Movers of New Orleans, LLC, 136 F. Supp. 2d 599, 604 (E.D. La. 2001) (internal citations omitted).

### B. Analysis of Defendant's Motion for Summary Judgment

There are multiple genuine disputes of material fact present in this case weighing in favor of denying Defendant's motion. First, Exhibit 7 in Plaintiff's opposition memorandum shows there is a dispute about whether Defendant used the confidential disclosures from Plaintiff to consider a purchase of Plaintiff's insurance underwriting business, or whether the disclosures were used to evaluate the profitability of Lynn Webb, Plaintiff's Vice President. (Doc. 82). The specific language at issue provides: "P.S. We were interested in purchasing this agency for excess of 5 million. This may be a more efficient and economical solution." (Doc. 82, Ex. 7). This statement expressly contradicts Defendant's assertion "No evidence exists to show that Burns & Wilcox entered negotiations with SGA with any intent other than to purchase the company." (Doc. 85, p. 6).

Second, there is a genuine dispute of material fact about which party initiated the SGA purchase negotiations and the motive for the negotiations. Defendant alleges that it received a call from Plaintiff about a potential buyout. (Doc. 75, p. 6). By contrast, Plaintiff contends Defendant contacted it concerning a buyout. (Doc. 82,

Ex. 3, ¶2). Defendant met with Ms. Webb to discuss employment with Burns & Wilcox on February 11, 2008. (Doc. 82, Ex. 2; ¶8). Fifteen days later, at Defendant's request, Defendant met with Plaintiff about the potential purchase of SGA and reviewed Plaintiff's confidential business and financial records. (Doc. 82, Ex. 3, ¶5). Based on the short amount of time between the meeting with Ms. Webb and the meeting with Plaintiff, there is a genuine dispute about Defendant's motivation during the buyout negotiation.

Third, there is a genuine dispute of material fact as to the type of confidential information provided to Defendant. Defendant asserts "[Gary Batten] never received the alleged 'confidential' information forwarded by SGA that demonstrated Webb's value as an employee." (Doc. 75, p. 9). However, Plaintiff contradicts this claim by showing Gary Batten and the Louisiana branch of Burns & Wilcox had access to financial information detailing SGA's premium and commission income. (Doc. 82-2, Ex. 11). Based on Defendant's blanket denial, the fact that Defendant's Louisiana office had access to any confidential information about SGA creates a genuine dispute of material fact concerning the Louisiana office's access to and use of SGA's financial information.

## C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be denied.

SIGNED on this 11th day of September, 2012 at Alexandria, Louisiana.

                        DEE D. DRELL
             UNITED STATES DISTRICT JUDGE